UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHY RATHBUN, | No. CV 04-3539-PJW |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| JO ANNE B. BARNHART, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

## I.
## INTRODUCTION

Plaintiff brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking reversal of the decision by Defendant Social Security Administration ("Agency") denying Disability Insurance Benefits ("DIB"). Alternatively, she asks the Court to remand the case to the Agency for further proceedings. She claims that the Agency erred when it: 1) rejected the opinion of her treating psychiatrist that she was disabled, and 2) concluded that she was not credible. After reviewing the record and the arguments of counsel, the Court concludes that the ALJ cited specific and legitimate reasons for rejecting the treating psychiatrist's opinion. Additionally, the

ALJ's decision that Plaintiff was not credible is supported by the evidence and will not be disturbed.  For these reason, the Agency's decision is affirmed and the case is dismissed with prejudice.

## II.
## SUMMARY OF FACTS AND PROCEEDINGS

In February 2002, Plaintiff filed an application for DIB, alleging an onset date of May 5, 2001.  She claimed that she was disabled due to hepatitis, diabetes, panic attacks, arthritis, and severe menopause syndrome.  (Administrative Record ("AR") 70.)  Plaintiff's application was denied initially and on reconsideration.  She then requested and was granted a hearing before an Administrative Law Judge ("ALJ").  On April 14, 2003, Plaintiff appeared with her attorney for the administrative hearing.  (AR 22-42.)  Plaintiff testified at the hearing, as did a vocational expert.

On July 25, 2003, the ALJ issued a decision denying Plaintiff's claim for benefits.  (AR 23-30.)  She found that Plaintiff suffered from the severe impairments of diabetes and hepatitis, but concluded that these impairments did not prevent her from performing her past job as a customer service representative.  (AR 24, 29.)

Plaintiff appealed the ALJ's decision to the Appeals Council, which affirmed the decision.  She then filed suit in this Court, challenging that decision.

## III.
## ANALYSIS

A.   Standard of Review

"Disability" under the applicable statute is defined as the inability to perform any substantial gainful activity because of "any medically determinable physical or mental impairment which can be

expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A).  The Court may overturn the ALJ's decision that a claimant is not disabled only if the decision is not supported by substantial evidence or is based on legal error.  *See Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).

Substantial evidence "'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938).)  It is "more than a mere scintilla but less than a preponderance," *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1998), and "does not mean a large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

"The Court must uphold the ALJ's conclusion even if the evidence in the record is susceptible to more than one rational interpretation." *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).  Indeed, if the record evidence can reasonably support either affirming or reversing the Agency's decision, this Court must not substitute its judgment for that of the ALJ.  *See Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the ALJ committed error but the error was harmless, reversal is not required. See Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1197 (9th Cir. 2004)(applying the harmless error standard).

B.  <u>The ALJ's Rejection of the Treating Psychiatrist's Opinion</u>

Plaintiff's treating psychiatrist concluded, in sum, that Plaintiff was disabled.  The ALJ discounted that opinion and relied instead on the examining and reviewing doctors' opinions, who concluded that Plaintiff was not disabled.  Plaintiff argues that the

ALJ improperly relied on the these doctors, instead of her treating psychiatrist.  She contends that the ALJ did not cite specific reasons for rejecting the treating psychiatrist's opinion, and that, even if she did, the reasons would not be legitimate because the treating psychiatrist's notes were unreadable.  For the reasons set forth below, the Court finds that the ALJ cited specific and legitimate reasons for rejecting the treating psychiatrist's opinion, which are supported by substantial evidence in the record, and, therefore, the ALJ's decision is affirmed.

In general, a treating physician's opinion is accorded the most weight in analyzing a claimant's disability in a social security case. *Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1036 (9th Cir. 2003).  This is because a treating physician generally has the most contact with the claimant over the greatest period of time and is presumably in the best position to evaluate the claimant's condition. *Id.* at 1038.  Further, a treating physician is usually retained to cure the patient.  *Id*.  Thus, his or her opinion is presumably not motivated by any extraneous factors.

A treating physician's opinion is not controlling, however.  *See Holohan v. Massanari*, 246 F.3d 1195, 1202-03 (9th Cir. 2001).  In an appropriate case, the ALJ has the discretion to discount the treating physician's opinion or to reject it altogether and rely, instead, on the opinion of an examining or consulting physician.  *Id.*

Between January 2001 and September 2002, Plaintiff attended therapy sessions with psychiatrist Rafik Sidrak approximately once every other month.  (AR 196-201.)  Dr. Sidrak's records during this period consist of his treatment notes from the therapy sessions.  In March 2003, after having not seen Plaintiff since September 2002, Dr.

Sidrak filled out a Mental Impairment Questionnaire.  (AR 202-06.) This five-page questionnaire contains a series of questions with boxes for check-offs or lines for filling-in short answers.  Through this questionnaire, Dr. Sidrak provided his opinion of Plaintiff's condition to the ALJ.  In short, Dr. Sidrak concluded that Plaintiff was completely disabled and was unable to work due to major depression and the side effects it caused.

The ALJ discounted this opinion.  Instead, he relied on the opinions of the examining and consulting psychiatrists who believed that Plaintiff was not, in fact, totally disabled.

Plaintiff claims that this was erroneous because it was based solely on the fact that the other, non-treating psychiatrists' opinions were different from the treating psychiatrist's.  The Court disagrees.  The ALJ cited several reasons for rejecting the treating psychiatrist's opinion.  The primary reason was that the treating psychiatrist's notes did not support his conclusion of near-total disability.  (AR 28.)  This is a legitimate reason.  *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001)(upholding ALJ's rejection of treating doctor's opinion because it was not supported by doctor's own notes).  And it is supported by this record.

Plaintiff disagrees.  She argues that the ALJ's reasons were not specific or legitimate.  She argues that they were not specific because the ALJ did not identify the specific pages of the notes that contradicted Dr. Sidrak's opinion.  There is no requirement that the ALJ cite to a specific page, she need only set forth a specific reason.  Reading Dr. Sidrak's notes it is clear that they do not

support his general view that Plaintiff is totally disabled, nor do they support his specific contentions, as set forth in the questionnaire.

Plaintiff argues that the ALJ's reasons are also not legitimate because Dr. Sidrak's notes are undecipherable and, therefore, the ALJ could not know that they did not support his opinion because she could not read them. The Court rejects this argument. Where, as here, the ALJ purports to have read the doctor's notes and, in fact, bases her decision, in part, on having read those notes, the Court will not second-guess her. Though these notes are difficult to read, the Court has been able to read most of them and assumes that the ALJ, who reads these type of notes daily, was able to read them as well. The Court concludes that, as the ALJ found, the notes do not discuss any functional limitations of Plaintiff. Instead, the notes simply summarize Dr. Sidrak's impressions based on Plaintiff's statements and note her medications. (AR 196-201.) For example, in an entry dated February 28, 2001, Dr. Sidrak wrote:

> [Patient] continues to have [feelings] of anxiety. She still has concerns regarding hepatitis. [Patient] reports headaches and nausea. [Patient] reports difficulty with eating food and losing 20 lbs. [Patient] reports no suicidal [thoughts]. No side effects from [medicine]. Sleeping is difficult.

(AR 201.)

Dr. Sidrak's notes do not support his opinion that Plaintiff was disabled and the ALJ properly rejected his opinion for that reason. *See Rollins*, 261 F.3d at 856. Accordingly, Plaintiff's claim here fails.

C.   <u>The ALJ's Credibility Determination</u>

The ALJ found that Plaintiff was not credible because her claims of disability conflicted with the documentary evidence in the file, her claimed daily activities and functional limitations were exaggerated, and she falsely claimed that she was under the care of a psychiatrist when, in fact, she was not.  Plaintiff argues that the ALJ erred in her credibility determination on all accounts and asks that this Court reverse that finding.  As set forth below, the Court finds that the ALJ's credibility determination was supported by substantial evidence and, for that reason, will not be overruled.

"Credibility determinations are the province of the ALJ." *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989).  An ALJ may reject a claimant's testimony as not credible by specifically identifying the incredible testimony and by identifying the evidence that undermines that testimony.  *See Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).  As long as substantial evidence in the record supports the ALJ's credibility finding, this Court may not second-guess it.  *See Morgan*, 169 F.3d at 600.  Nor will the Court reverse an ALJ's credibility determination based on contradictory or ambiguous evidence.  *See Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

The ALJ found that Plaintiff's "statements concerning her impairments and their continued impact on her ability to work are not entirely credible in light of discrepancies between [Plaintiff's] assertions and information contained in the documentary reports and the reports of the treating and examining practitioners."  (AR 28.)  This is a specific basis for finding that Plaintiff was not credible and, on review, the Court finds that it is supported by substantial evidence in this record.  Plaintiff continually reported that she was,

essentially, disabled.  The record did not bear this out.  In fact, when she told one of her treating doctors that she was disabled and that she should be placed on disability, he told her that she was not disabled and refused to do it.  (AR 124.)  In response, Plaintiff tried to get rid of that doctor and get a new one, presumably one that would put her on disability.  As this example shows, there is substantial evidence in the record that Plaintiff could perform more activities than she claimed that she could.  For that reason, the ALJ's finding that she was not credible will not be disturbed.

　　The ALJ also found that Plaintiff's testimony regarding daily activities and functional limitations contradicted her claims of disability.  (AR 28.)  This, too, is supported by the record.  Plaintiff testified that she lives alone, cares for herself, does her own chores, and drives a car.  (AR 232-34.)  Further, the examining and consulting doctors concluded that Plaintiff was not disabled.  (AR 150-54, 158-60.)  The evidence, therefore, supports the ALJ's finding that Plaintiff was not credible.

　　Finally, the ALJ found that Plaintiff was not credible because she reported to one of her doctors in July 2002 that she was seeing a psychiatrist (AR 209), which the ALJ found to be untrue.  (AR 28.)  Plaintiff claims the ALJ was wrong and that she was seeing a psychiatrist at that time.  She argues that this should be enough to require remand to the Agency for another hearing.  The Court rejects this argument.

　　The record reflects that Plaintiff saw Dr. Sidrak, her psychiatrist, about once every two months from January 2001 until September 2002.  (AR 196-201.)  She saw him on April 15, 2002, but did not see him again until September 23, 2002, for her final

appointment.[1]  (AR 196-97.)  Thus, when she told her doctor in July 2002 that she was seeing a psychiatrist, her statement was, arguably, accurate.  This does not undermine the ALJ's entire credibility ruling, however.  Even if the Court were to reject this reason, the ALJ's other reasons are sufficient to support the credibility finding.  For this reason, it will not be disturbed.

## IV.

## CONCLUSION

For all these reasons, the Agency's decision that Plaintiff was not disabled is supported by substantial evidence in this record and is AFFIRMED.

IT IS SO ORDERED.

DATED:   August __24__, 2005.

/s/
_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Soc Sec\RATHBUN, C\Memo_Opinion.wpd

---

[1] Plaintiff also saw Dr. Sidrak for therapy on May 27, 2003. (AR 225.)